Barker, J.
The plaintiff claims title to the goods by virtue of a purchase from one Clarkson, of Toronto, Canada. The defendant, as sheriff, seized and sold the goods, the property of one Clinton E. Brush, under and by virtue of an execution issued on a judgment against said Brush, in favor of S. J. Williams et al. This constitutes the defendant’s justification for taking and selling the property. The plaintiff’s vendor claimed title through the said Brush, by virtue of a general assignment made by the latter of all his property to Clarkson, for the benefit of his creditors. Brush’s-title to the property prior to the assignment is not questioned in this action.
The first question to be considered, is, had Clarkson a-title to the goods at the time he sold them to the plaintiff % If he had, the other questions presented admit of a ready solution. On and prior to the 16th day of December, 1884, Clinton E. Brush and Seeley B. Brush, were dry goods merchants, doing business under the firm name of C. E. Brush. & Bro., in Toronto, Canada, and on that day were insolvent; and, as such co-partners, and also individually, they made a general assignment by one and the same instrument, in writing, of all their property to the said Clarkson, in trust for the benefit of their creditors, to be equally distributed among them after deducting the necessary expenses of executing the trust.
The goods in question were the individual property of Clinton E. Brush, and at the time of the assignment were in his dwelling-house, and used as household goods and furniture, and as the wearing apparel of the members of his family. The sale and transfer from Clarkson, the assignee, to the plaintiff, was in writing and embraced the goods in question, as well as most, if not all the property and merchandise transferred by 0. E. Brush & Bro., to the-said assignee.
In considering the question whether Clarkson, as the assignee of the individual property of C. E. Brush, acquired a title thereto by virtue of the assignment of the property in dispute, it will be necessary to ascertain what were the laws-in Canada relative to the making of assignments of property by insolvent debtors for the benefit of their creditors, where, by the terms of the assignment, the property is to-be equally distributed among them. Our information on this subject must be acquired from the evidence produced upon the trial, as it appears in the printed case. Code of Civil Procedure, § 942.
The only rules and regulations bearing on the subject, so-far as we are advised, are to be found in the terms and conditions of certain statutes of that country, as proved on the trial.
*193 Section 2, chap. 118, of the Revised Statutes of Ontario, ! 8 was proved and read in evidence, and is as follows: “In case any person, being at the time in insolvent circumstances, or unable to pay his debts in full, or knowing himself to be on the eve of insolvency, makes, or causes to be made, any gift, conveyance, assignment or transfer of any of his goods, chattels or effects, or delivers or makes over, or causes to be delivered to be made over, any bill, bonds, notes or other securities or property, with intent to defraud or delay the creditors of such person, or with intent to give one or more of the creditors the preference over his other creditors, or over any one or more of such creditors, every such gift, conveyance, assignment, transfer or delivery shall be null and void as against the creditors of such person; but nothing herein contained shall invalidate or make void any deed of assignment made and executed by any debtor for the purpose of paying and satisfying, ratably and proportionally, and without preference or priority, all the creditors of such debtor, their just debts; and nothing herein contained shall invalidate or make void any bona fide sale of goods in the ordinary course of trade or calling to innocent purchasers.”
The terms of the assignment bring it within the proviso» contained m this statute, as the debtors assigned all their property to the assignee to be equally distributed among their creditors.
The question of actual fraud, on the part of either of the parties to the assignment, does not arise by virtue of any of the terms or conditions of this section. It is stated, in the case, that on the trial the defendant’s counsel admitted that such was the effect and meaning of the statute as applied to the facts in this case. But we take this view of the statute upon our own reading of the same, and do not hold the defendant bound by the admissions, as the counsel may have been misunderstood as to the extent of the concession he intended to make. We have no difficulty in understanding the terms of the statute, so plainly and concisely worded. We need not concern ourselves with the reason which induced this legislation, as it is a foreign statute which has no force and effect in this state.
Some of the sections of another statute passed the same year, as we understand from the records,, were given in evidence. One section is as follows:
“5 Every sale of goods and chattels not accompanied by an immediate .delivery and followed by an actual and continued change of possession of the goods and chattels sold shall be in writing, and such writing shall be a converénce under the provisions of this act, and shall be ac *194 companied by an affidavit of a witness thereto of the due execution thereof, and an affidavit of the bargainee, or his agent, duly authorized in writing to take such conveyance, a copy of which authority shall be attached to such conveyance, that the sale is bona fide and for a good consideration, as set forth in the said conveyance, and not for "the purpose of holding or enabling the bargainee to hold the goods mentioned therein against the creditors of the "bargainor, and such conveyance and affidavits shall be registered as hereinafter provided, within five days from the execution thereof, otherwise the sale shall be absolutely void as against the creditors of the bargainor and against ■subsequent purchasers or mortgagees in good faith.” Cs. U. C. C., 45, § 4.
It is claimed by the defendant that the section last quoted applies to general assignments for the benefit of creditors, and for the purpose of disposing of the question presented on this appeal, we shall acquiesce in that construction and regard the provisions of that section as applicable to this case.
The case contains the full text of the assignment and the affidavit of the assignee, and that of one of the witnesses to its execution, and they are all in full compliance with the requirements of the statute, and were all recorded in the proper clerk’s office within five days after the execution of the assignment.
The further point is made bearing on the question whether the title to the household goods and property passed to the assignee, and is based upon section 23, chap. 119 (1877), the full text of which is as follows: “All the instruments mentioned in this act, whether for the sale or mortgage of goods or chattels, shall contain such sufficient and full description thereof that the same may be thereby readily and easily known and distingtiished,”
The description in the assignment is two-fold as to the items of property in question; in the body of the assignment it is géneral, but in a schedule attached, which is made a part of the assignment, in which the description of the property in question is as follows: “The interest of the said Clinton Etherlbert Brush in all the household goods furniture, chattels and effects stated, lying and being in the brick house known as number 232, on the west side of Sherbourne street, in the city of Toronto, and now occupied by the said Clinton Etherlbert Brush.” It would seem as if this description was sufficient to identify the property and distinguish the same from other property of a like character; otherwise each article would have to be described by its form and appearance.
The defendant’s counsel contends, however, that the *195 Canadian courts have held that a description as general as this is not a compliance with the statute, and the title to the property insufficiently described does not pass to the assignee as against the creditors of the assignor. We do not think the precise question is necessarily presented for our consideration. Beyond all doubt the title, as between assignor and • the assignee, passed from the former to the latter by the terms of the assignment, and he acquired a title which he could convey, unless some creditor of the assignor intervened and seized the property, by due process of law, with a view of having the same applied to the payment1 of his debt.
A lawyer residing at Toronto testified, in substance, that it was the law of Canada, that as between the assignor and the assignee, the title passes by the use of a description like the one given to this property, and that it only makes the transaction void as against the creditors of the assignor.
The case of Harris & Woods, etc., v. The Commercial Bank of Canada (16 Upper Canada Q. B. Rep., 437) upon which the defendant relies, was a case where the creditors seized and levied upon the property before the same came into the hands of the assignee and before the latter made any sale or transfer of the same by virtue of the assignment.
In this case, from the time of the assignment until the assignee sold and conveyed the property in question to the plaintiff, which was on the 30th day of January, 1885, Brush remained in the actual possession and use of the property in question, at his house in Toronto, but the assignee took actual possession of the merchandise, and. held the same until the sale to the plaintiff.
The defendant makes the further point, so far as the household property was concerned, that the transaction wau merely colorable, and pretended, and was embraced in the assignment to .protect the convenience of the assignor, that he might continue to hold and enjoy the property and prevent its being taken in execution by his creditors; and that it is a fair inference to draw from the undisputed circumstances, that the assignment was made to hinder, delay and defraud creditors, so far as the portion of the assigned property is concerned. 0
The statute of 1877, hereinbefore first quoted, and section 5 aforesaid, upon which the point is based, relate to the same subject matter and should be read and considered together, and if effect is given to the first statute it would seem as if an actual fraud could not arise under an assignment containing the provisions which bring it within the proviso of that section, as this does.
The case of Harris v. The Bank of Upper Canada *196 (supra), relied upon by the trial judge and the-counsel for the •defendant as an authority in support of this contention, was decided many years before the statute which we are -considering, was enacted. But we think we may pass this question without deciding it, as not being necessary in disposing of this appeal.
We hold that, as between the assignor and the assignee, "the title to the property in question passed to the latter by force of the assignment, and that the assignee could at any time take possession of the property and sell the same and distribute the funds among the creditors of the assignor. 'That he did sell and transfer all the assigned property, including the goods in question to the plaintiff is not disputed. The plaintiffs in the action in which the execution was issued to the sheriff, were Canadian creditors and the payment of their debt was provided for, so far as the assigned property would pay the same, pro rata, with all the other creditors of the assignors, and they did not intervene to prevent the assignee from selling the property and receiving the avails thereof, so long as the property remained in the possession of the assignor.
By the terms of the assignment, they may now demand of the assignee their share of the proceeds derived from the sale of the goods in question. The plaintiff purchased all •of the assigned property, including the goods in question, and no question is made, but what he paid full value therefor. The assignee transferred his title to the property by an instrument in writing, executed in all respects in full conformity to the provisions of the Canadian statutes, to which reference has been made and the same was placed upon file within five days after its execution. We think this act of the assignee placed the property beyond the read! of the creditors of the assignor, unless they attempt to impeach the transaction by showing that the assignee violated* his trust in some respects, so that by the general rules of law and equity, the same might be set aside in' a suit brought by a judgment-creditor.
The statutes referred to, and which make certain sales and transfers fraudulent and void as against creditors, are the creditors of the seller or the assignor, which was Clark-so'n, in the sale under which the plaintiff claims title. The purchase money which the° plaintiff paid for the property passed into the hands of Clarkson, as the trustee of the assignors’ creditors, and it would be a great injustice to the plaintiff to permit the creditors of Brush to take the money paid for the goods as purchaser, and then turn about and seize "the property, and be permitted to claim that the assignee never acquired title thereto, for the reason that the-assignor had in mind a fraudulent purpose in making the assign *197 ment and retaining possession of a portion for his own use, and not to be converted into money by the assignee, when, as a matter of fact, the assignee did exercise dominion over the property and converted the same into money.
If the pursuing creditors succeed in their efforts to hold the property in dispute in this action, the effect will be that the value of the same is twice applied towards the payment of the debts of the insolvent debtors.
The pursuing creditors may claim, if they have evidence to support it, that the plaintiff purchased the property for the benefit of Brush, and with money supplied by him for that purpose, and that Brush’s possession was that of ■owner, and there was some evidence indicating that such was Brush’s possession after the goods were sold to the plaintiff, and perhaps it may be said that there is some evidence committing the plaintiff to that position, as he never took actual possession of the property after his purchase from the assignee, and allowed it to remain with Brush, who shipped it from Canada in his own name, consigned to himself, at his place of residence, in the state of New Jersey. But that position was not taken upon the trial, and cannot be used for the purpose of supporting the judgment.
Judgment and order reversed, nonsuit set aside, new trial granted, with costs to abide event.
Smith, P. J., Haight and Bradley, JJ., concur.